IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| KATHY J. KNOX, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-835-A |
| | § | |
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, American Airlines, Inc., to dismiss. Plaintiff, Kathy J. Knox, has failed to respond to the motion, which is ripe for ruling. The court, having considered the motion, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

On June 20, 2016, plaintiff filed her original petition in the 67th Judicial District Court of Tarrant County, Texas. On September 8, 2016, defendant filed its notice of removal, bringing the action before this court.

Plaintiff alleges: She worked as a gate agent for defendant at Dallas Fort Worth International Airport. On occasion, she parked her car in terminal parking and later moved it to employee parking during her lunch break, which she might take whenever it was not a busy time. On or about March 1, 2016, someone made an

anonymous call alleging that plaintiff left her work area and was unavailable to work despite being on the clock. Plaintiff was terminated without cause and without any prior warning or notice.

Plaintiff asserts a claim for breach of contract. She refers the court to certain rules of conduct and to an airline passenger service agreement between her union and defendant.

II.

Grounds of the Motion

Defendant says that plaintiff's claim should be dismissed for lack of subject matter jurisdiction because it is preempted by the Railway Labor Act, 45 U.S.C. § 151. In the alternative, defendant says that plaintiff has not stated a claim upon which relief can be based.

III.

Applicable Legal Principles

When considering a motion to dismiss for lack of subject matter jurisdiction, the court construes the allegations of the complaint favorably to the pleader. Spector v. L Q Motor Inns, Inc., 517 F.2d 281 (5th Cir. 1975). However, the court is not limited to a consideration of the allegations of the complaint in deciding whether subject matter jurisdiction exists. Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981). The court may consider conflicting evidence and decide for itself the factual

issues that determine jurisdiction. Id. Because of the limited nature of federal court jurisdiction, there is a presumption against its existence. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978); McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). A party who seeks to invoke federal court jurisdiction has the burden to demonstrate that subject matter jurisdiction exists. McNutt, 298 U.S. at 178; Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).

IV.

Analysis

Whether this court has jurisdiction over plaintiff's claim depends on whether the dispute is a "major" or "minor" dispute under the Railway Labor Act. A dispute is "minor" if it involves the interpretation or application of a collectively-bargained agreement. Elgin, J. & E. Ry. v. Burley, 325 U.S. 711, 722-24 (1945). Of particular note here is that a dispute is "minor" if it implicates practices, procedures, implied authority, or codes of conduct that are part of the working relationship between the parties. Fry v. Airline Pilots Ass'n, Int'l, 88 F.3d 831, 836 (10th Cir. 1996). Courts do not have jurisdiction over minor disputes; rather, boards of adjustment have mandatory, exclusive, and comprehensive jurisdiction over such matters. Bhd. of Locomotive Eng'rs v. Louisville & N.R.R., 373 U.S. 33, 36-38

3

(1963). Based on the facts alleged by plaintiff-that she did not violate any of defendant's rules in its code of conduct and that her actions were authorized by the terms of the collective bargaining agreement--this is a "minor" dispute over which the court lacks subject matter jurisdiction. See <u>Wyatt v. United Airlines, Inc.</u>, No. 7:13-CV-282-F, 2014 WL 3955078, at *3 (E.D.N.C. Aug. 13, 2014); <u>In re Allied Pilots Assoc. Class Action Litig.</u>, No. 3:99-CV-0480-P, 2000 WL 1405235, at *4 (N.D. Tex. Sept. 26, 2000).

V.

Order

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and plaintiff's claim be, and is hereby, dismissed for want of jurisdiction.

SIGNED October 3, 2016.

_____
JOHN McBRYDE
United States District Judge